IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. STIEGEL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 2: 12-cv-00377 |
| PETERS TOWNSHIP and OFFICER MATTHEW RUSSELL COLLINS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION TO DISMISS PLAINTIFF'S COMPLAINT, with brief in support, (Document Nos. 12 and 13) filed by Defendants Peters Township ("Township") and Officer Matthew Russell Collins ("Collins") (collectively "Defendants") and the brief in opposition filed by Plaintiff, Steven M. Stiegel ("Plaintiff") (Document No. 14).

The motion is ripe for disposition.

**PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit on March 27, 2012 by the filing of a Complaint in this Court in which he alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights under the United States Constitution. Specifically, the Complaint raises three claims: (i) that Defendant Collins violated Plaintiff's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983; (ii) that the policy, custom, or practice of Defendant Township makes it liable for the constitutional violations of Defendant Collins, in violation of 42 U.S.C. § 1983; and (iii) that both Defendants violated Plaintiff's First, Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §§ 1985.[1]

---

[1] The Court notes that Plaintiff has withdrawn his claim brought under 42 U.S.C. § 1985. Thus, the Court

1

Defendants have filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which they argue that the Complaint should be dismissed because: (i) the allegations against Collins meet the requirements of a lawful *Terry* stop and, thus, there was no constitutional violation; and (ii) the allegations against the Township must fail because Plaintiff cannot show that he suffered a constitutional violation. In the alternative, Defendants argue that (i) Collins is entitled to qualified immunity; and (ii) the Complaint contains redundant, immaterial, impertinent and scandalous matter in violation of Federal Rule of Civil Procedure 12(f) and request that those matters be stricken.

Plaintiff responds that the Complaint should not be dismissed because (i) the Complaint states a viable claim against Collins under 42 U.S.C. § 1983; (ii) Collins is not entitled to qualified immunity; (iii) the Complaint states a viable claim against the Township because Collins acted in accordance with Township policy; and (iv) no paragraphs of the Complaint should be stricken.

**FACTUAL BACKGROUND**

As the law requires, at this stage of the proceeding, all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party. *Hemi Group, LLC v. City of N.Y.*, -- U.S. ---, 130 S.Ct. 983, 986-87 (2010). The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this Opinion.

The claims asserted all arise from events which occurred on the night of January 30, 2012, when Plaintiff and his friend, Nolan Majcher ("Majcher"), were fox hunting on private property in North Strabane Township. Both Plaintiff and Majcher are licensed fox hunters and both legally possessed hunting rifles. Plaintiff and Majcher had parked their truck at a dead end of a road in a rural area, several hundred yards away from any houses. Majcher was about 30

---

will address only Plaintiff's claims brought under 42 U.S.C. § 1983.

yards away from his truck, scanning the woods where the two were hunting. Majcher was wearing hunting camouflage and carrying a clearly visible hunting rifle. At approximately 11:00 pm, Majcher observed headlights coming down the road towards him. The driver stopped the vehicle, turned on its spotlight and focused on Majcher, blinding him to the occupant of the vehicle.

The vehicle was driven by Defendant Collins, a Peters Township police officer, who at the time was outside of his jurisdiction. Collins did not identify himself as a police officer, but Majcher suspected that he might be associated with law enforcement due to the spotlight on the vehicle. Majcher walked toward the vehicle with his arms extended and held his gun in a vertical non-threatening position. Collins, again without identifying himself as a police officer, aggressively yelled for Majcher to drop his weapon, with which command Majcher immediately complied. Collins then shouted to Majcher "what the fuck are you doing?" (Compl. at ¶ 30). Instead of responding, Majcher, now unarmed, proceeded to walk towards Collins so that Collins would no longer have to shout. Collins again aggressively yelled and instructed Majcher to remain where he was or Collins would shoot him. Majcher then told Collins that his hunting partner, Plaintiff, would be coming out of the woods and would be approaching from Collins' right. Majcher did not want Collins to be surprised when Plaintiff exited the woods.

Majcher explained to Collins that he and Plaintiff were simply fox hunting. Collins kept his gun trained on Majcher as Plaintiff walked out of the woods, dressed in hunting camouflage and carrying his hunting rifle. Plaintiff inquired as to what was going on. At that point, Collins turned his gun on Plaintiff, who immediately stopped walking and dropped his hunting rifle. Collins, with his gun constantly trained on Plaintiff and Majcher, detained the two hunters and, after aggressively questioning them, left the scene without issuing any sort of citation.

Plaintiff made a complaint to Peters Township about the incident. The Township, through Police Chief Harry J. Fruecht ("Fruecht"), conducted a "thorough investigation" of the complaint and on February 29, 2012, Police Chief Fruecht advised Plaintiff that his investigation had determined that Collins' actions that night "was not contrary to policy." Unsatisfied with the outcome of the investigation, Plaintiff sent an email to Peters Township Manager, Michael Silvestri, in which he described the course of events and expressed his lack of confidence in the internal oversight policies of the police department. Plaintiff recommended that the Township establish a Community Review Board to oversee the conduct of police officers in Peters Township.

According to the Complaint, on the agenda of items to be discussed at the March 12, 2012, Township council meeting was the topic of "Police Complaint Review Process." Plaintiff claims that matters which involve citizen's complaints are normally first heard in an executive session, outside of public hearing. However, Plaintiff's complaint was not considered at executive session, but rather, Plaintiff was publicly identified by a council member at the meeting and a public debate ensued regarding the prospect of a Citizens Review Board. Ultimately, the Township did not adopt Plaintiff's recommendation for a Citizens Review Board.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) and Fed. R. Civ. P. 8(a)(2) (providing that a valid complaint requires only "a short and plain statement of the claim"

showing entitlement to relief.) In *Iqbal*, the United States Supreme Court clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684; *Fowler*, 578 F.3d at 210-11. The Supreme Court further explained that although a court must accept as true all factual allegations contained in the complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claim asserted. *Iqbal*, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (*citing Twombly*, 550 U.S. at 555). The United States Court of Appeals for the Third Circuit expounded on this standard as follows:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id*. at 1949-50; *see also Twombly*, 505 U.S. at 555, & n.3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motion to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*, 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id*. at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (*citing Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).

The determination of whether a complaintant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (*citing Twombly*, 550 U.S. at 556). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In support of his response to the motion to the dismiss, Plaintiff has attached a number of documents, to wit:  (i) a description of the incident prepared by Nolan Majcher; (ii) the December 6, 2011 complaint submitted by Plaintiff to Peters Township; (iii) correspondence dated April 2, 2012 from The Catholic Cemeteries Association addressed to Chief of Police Harry Fruecht; (iv) February 29, 2012 correspondence from Chief of Police Fruecht to Plaintiff; (v) a Call Summary Report prepared by Defendant Collins; and (vi) correspondence of December 22, 2011,from Chief of Police Fruecht to "Mr. McLaughlin."  While concededly some of these documents are referenced in the Complaint, the Court has determined not to consider these documents at this time, and thus there is no necessity to convert the motion to dismiss into a motion for summary judgment. *Pension Ben. Guar. Corp.,* 98 F.2d at 1196-87.

**DISCUSSION**

- <u>Claims against Defendant Collins</u>

The United States Supreme Court has recognized three distinct types of police-citizen interaction: (i) arrests, which must be supported by probable cause, *see Brown v. Illinois*, 422 U.S. 590 (1975), (ii) brief investigatory stops, which must be supported by reasonable articulable suspicion, *see Terry v. Ohio*, 392 U.S. 1 (1968), and (iii) consensual encounters between police and citizens, which require no objective justification, *see Florida v. Bostick*, 501 U.S. 429, 434 (1991).

Plaintiff alleges that Collins violated his Fourth Amendment rights in having used unreasonable force to affect a *Terry* stop of Plaintiff without reasonable suspicion, making the seizure unreasonable. In response, Collins contends that the *Terry* stop was reasonable and, thus, Plaintiff's claim should be dismissed. In the alternative, Collins contends that he is entitled to qualified immunity.

1. <u>The Reasonableness of the *Terry* Stop</u>

Defendants do not dispute that Plaintiff was subject to a seizure within the context of the Fourth Amendment. Accordingly, the only question for the Court to resolve is whether the seizure was reasonable under the Fourth Amendment. *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975).

"The reasonableness of a stop turns on the facts and circumstances of each case." *U.S. v. Mendenhall*, 446 U.S. at 561. A seizure not amounting to an arrest is lawful under the Fourth Amendment if the officer is able to identify "specific and articulable facts … [and] rational inferences from those facts" that generate a reasonable suspicion that a crime is about to be or

7

has been committed. *Terry*, 392 U.S. at 21-22 (1968). "Reasonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 498 (1983) (citing *Brignoni-Ponce*, 422 U.S. at 881-82 ).

Whether or not a seizure exceeds the bounds of an investigative stop, which would therefore render it unreasonable, is intensely fact-specific; and there is "so much variation that it is unlikely that the courts can reduce to a sentence or a paragraph a rule that will provide unarguable answers to the question whether there has been an unreasonable search or seizure in violation of the Fourth Amendment." *Florida v. Royer*, 460 U.S. at 506-07. Accordingly, "a court must examine the totality of the circumstances in order to determine whether a search or seizure is reasonable under the Fourth Amendment." *Sampson v. California*, 547 U.S. 843, 848 (2006).

Accordingly, whether Collins had reasonable suspicion to stop Plaintiff under the circumstances depends on the resolution of issues of fact.   It may well be that discovery will reveal that, under the totality of the factual circumstances of this matter, Defendant Collins' seizure of Plaintiff was reasonable. However, until such time, the Court finds and rules that Plaintiff may maintain his § 1983 claim against Collins.

   2.  Qualified Immunity

In the alternative, Collins argues that the claims against him should be dismissed because as a police officer he is entitled to qualified immunity. However, because motions to dismiss are resolved based on the allegations pled in the complaint, "[t]he limited record before this Court precludes us from making such a determination." *Schrob v. Catterson*, 948 F.2d 1402, 1420-21 (3d Cir. 1991) (holding that determination of "objective reasonableness of [state] actor's conduct" element of qualified immunity analysis precludes determination of said issue on a

motion to dismiss) (referencing *Brown v. United States*, 851 F.2d 615, 619-20 (3d Cir. 1988) (holding that the record provided insufficient basis for resolution of qualified immunity issue.)) Furthermore, the United States Court of Appeals for the Third Circuit has stated that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage, as it [is] necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 Fed. Appx. 788, 791 n.3 (3d Cir. 2009); *Perano v. Arbaugh*, 2011 WL 1103885 at *17 (E.D. Pa. March 25, 2011).

Defendants argue that Collins is entitled to a qualified immunity defense and "has a right to not go to trial on this matter." (Defs'. Br. at 12). However, "[a]t the 12(b)(6) stage, qualified immunity will be found 'only when the immunity is established on the face of the complaint.'" *Cunningham v. Versailles Twp.*, No. 09-1314, 2012 U.S. Dist. LEXIS 7005, at *36 (W.D. Pa. Jan. 27, 2010) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)). In other words, if on the face of the complaint, Plaintiff "fails to state a claim of a violation of a clearly established law, 'a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Cunningham*, 2012 U.S. Dist. LEXIS 7005, at *36 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

In this case, the Court finds that the Complaint has sufficiently stated a claim of a violation of an established constitutional right against Collins pursuant to § 1983. Thus, Collins does not satisfy the requirements for a qualified immunity defense at this early stage in the litigation.

- The *Monell* Claim against Defendant Township

Plaintiff alleges that the Township police officers are not properly trained or supervised, and that the Township has failed to provide supervision, monitoring or oversight of its police officers. In the alternative, Plaintiff alleges that the Township was either: (i) deliberately indifferent to the failures of supervision, monitoring and oversight by the pattern of violations alleged in the complaint; or (ii) it ratified the actions of Defendant Collins by subsequent investigation.

In response, Defendants move to dismiss the *Monell* claim against the Township contending that Plaintiff has failed to establish an underlying constitutional violation and therefore a *Monell* claim against the Township fails as a matter of law.

A governing body may be liable under § 1983, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Soc. Serv's of City of New York*, 436 U.S. 658, 694 (1978). "Where, as here, the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to "deliberate indifference" to the rights of persons with whom those employees will come into contact." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

It is black letter law that without an underlying constitutional violation, Plaintiff cannot as a matter of law establish any *Monell* liability against Defendant Township. However, as explained above, Plaintiff's underlying constitutional violation claim against Collins has

survived Defendants' early challenge. Therefore, the *Monell* claim against Defendant Township also survives.

C. <u>Defendant's Request to Strike Sections of Plaintiff's Complaint</u>

Defendants argue that: (i) paragraphs 6 through 17 of the Complaint are not relevant to this lawsuit and are prejudicial to Defendants; (ii) paragraphs 52 through 66 and 68 of the Complaint are inappropriate, prejudicial and unnecessary; and (iii) the use of the term "admission" in paragraph 103 of the Complaint carries legal implications and, as such, is prejudicial to Defendants. Plaintiff responds that none of these paragraphs should be stricken as they illustrate the underlying public policy at risk by the actions of Defendant Township, and demonstrate a pattern and practice in the Township's police department that relates closely to Plaintiff's allegations. (Pl's Br. at 17-18).

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters that will not have any possible bearing on the outcome of the litigation. "The standard for striking under Rule 12(f) is strict." *In re Canatella and E.F. Hutton and Co.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984). "[I]mmateriality under this rule has been defined as 'any matter having no value in developing the issues of a case.'" *Id*. (quoting *Oaks v. City of Fairhope, Ala.*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995).

The gravamen of Plaintiff's Complaint is that his Fourth Amendment rights were violated by Defendant Collins and that Defendant Township is liable for that violation for failure to properly train, supervise, monitor or provide oversight of its police officers.  However, in Paragraphs 6 - 17 the Complaint, Plaintiff describes the policy and purposes behind police forces, and hypothesizes as to the consequences that may occur when such forces are not properly monitored and supervised. Paragraphs 52 through 66 recount a prior incident involving the Township police and an individual who is not a party to this lawsuit, and paragraph 68 contains the text of an email sent by Plaintiff to the Manager of Defendant Township regarding Plaintiff's lack of satisfaction with Defendant Township's resolution of his complaint. Finally, Paragraph 103 states that: "Chief Fruecht's findings of February 29, 2012 constitutes an admission." After a careful review of the Complaint, the Court agrees with Defendants and finds that the statements contained within paragraphs 6 through 17 are immaterial as they have no essential or important relationship to the claims in this litigation and are not pertinent or necessary to the issues involved in this lawsuit. Therefore, the Court will order that paragraphs 6 through 17 of the Complaint be stricken.

Conversely, Paragraphs 52 through 66 of the Complaint detail a well-known prior incident involving the Defendant Township Police Department, which Plaintiff claims establishes a pattern and practice within the Township's police department of deliberate indifference to allegations of police misconduct. Such a showing is relevant to Plaintiff's *Monell* claim against the Township  as the failure to train and supervise "requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons whom those employees will come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). One way to prove "deliberate indifference" is to show that  "if the police *often violate rights*, a need for further

training might be obvious." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). Paragraphs 52 through 66 allege an incident of prior Township police misconduct that may demonstrate just such a pattern of violations. Additionally, paragraph 68 is simply Plaintiff's recitation of his report of the subject incident to the Township Manager. Accordingly, the Court finds that the allegations contained within paragraphs 52 through 66 and paragraph 68 are not prejudicial to Defendants. Accordingly, these paragraphs will not be stricken from the Complaint.

Finally, paragraph 103 of the Complaint states that the findings of the Chief of Police concerning the investigation of Plaintiff's incident as set forth in his letter of February 29, 2012, constituted an "admission." Defendants argue that the use of the word "admission" has legal implications and, thus, should be stricken. The Court agrees and the evidentiary legal conclusion in paragraph 103 will be stricken from the Complaint.

## CONCLUSION

For the reasons hereinabove stated, the Motion to Dismiss will be denied, and the request of Defendants to strike will be granted in part and denied in part.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN M. STIEGEL,<br><br>                Plaintiff,<br>v.<br><br>PETERS TOWNSHIP, and OFFICER MATTHEW RUSSELL COLLINS,<br><br>                Defendants. | )<br>)<br>)  2:12-CV-00377<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER OF COURT

**AND NOW,** this 30th day of July, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The MOTION TO DISMISS filed by Defendants is **DENIED**; and

2. Defendants' request to strike is denied in part and granted in part as follows:

    a. Paragraphs 6 through 17, inclusive are STRICKEN;

    b. Paragraphs 52 through 66, inclusive, and Paragraph 68 are not stricken; and

    c. Paragraph 103 is stricken.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants shall file their Answer to Counts One and Two of the Complaint on or before **August 13, 2012**.

                                            BY THE COURT:

                                            s/Terrence F. McVerry
                                            United States District Court Judge

cc:      Thomas J. Farnan, Esquire
Robb Leonard Mulvihill LLP
Email: tfarnan@rlmlawfirm.com

Estelle K. McGrath, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: ekmcgrath@mdwcg.com

Paul D. Krepps, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: pdkrepps@mdwcg.com

Teresa O. Sirianni, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: tosirianni@mdwcg.com